FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 02, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHADY ACRES HOMEOWNER'S ASSOCIATION,<br><br>                  Plaintiff,<br><br>   v.<br><br>KITTITAS COUNTY, a municipal corporation,<br><br>                  Defendant. | NO: 1:18-CV-3016-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT |

      BEFORE THE COURT, without oral argument, is a motion to alter or amend judgment, ECF No. 74, by Plaintiff Shady Acres Homeowner's Association ("SAHA"). SAHA moves the Court to withdraw its prior order dismissing SAHA's complaint without prejudice, ECF No. 72 (the "summary judgment order"). Having considered SAHA's motion, ECF No. 74; Defendant Kittitas County's response, ECF No. 75; SAHA's reply, ECF No. 76; the remaining record; and the relevant law; the Court is fully informed.

///

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT ~ 1

## BACKGROUND

SAHA's suit stems from Kittitas County's purchase of the property on which SAHA members reside, within Shady Brook Mobile Home Park ("Shady Acres"). On February 14, 2019, the Court issued an order granting in part and denying in part Kittitas County's motion for summary judgment. ECF No. 72. The Court found that SAHA's claims of discriminatory treatment and impact under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, were not ripe and that SAHA lacked standing to pursue the claims until a concrete injury occurred or was imminent. *Id.* The Court dismissed SAHA's FHA claim, and SAHA's claim under the Washington State Law Against Discrimination, Wash. Rev. Code ch. 49.60, without prejudice, rather than entering summary judgment against SAHA as Kittitas County requested. *Id.*

## LEGAL STANDARD

A party seeking reconsideration under Fed. R. Civ. P. Rule 59(e) must demonstrate a compelling reason why the Court should reconsider its prior decision. Courts have identified three primary grounds justifying reconsideration: (1) an intervening change of controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or prevent manifest injustice. *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n. 5 (9th Cir. 1989). SAHA's motion raises the third ground.

SAHA argues that the reduction of low-income housing via the County's removal of 22 housing units from Shady Acres already has had a disparate impact on

the ability of Latinos to rent homes in Kittitas County.  SAHA contends that at summary judgment it presented "uncontested statistical analysis" showing the claimed disparate impact.  ECF No. 74 at 2.  Specifically, SAHA offered the declaration of demographer Allan Parnell, PhD, opining that because Latino families in Kittitas County are more likely than White families to require low income housing, and because nearly three-fourths of Shady Acres' residents are Latino "[b]ased on 2010 Census data," that "Latinos are disproportionately affected by the loss of the 22 affordable lots for mobile homes."  ECF No. 36 at 6−7.  Dr. Parnell further opined, "The loss of the 22 affordable properties from the Kittitas County and Ellensburg housing market are [sic] amplified by the absence of rental opportunities."  *Id.* at 8.  SAHA argues that the Court's summary judgment order did not address this evidence of disparate impact, and the County did not rebut the disparate impact component of SAHA's evidence at summary judgment or in opposing the motion for reconsideration.  *See* ECF Nos. 74 at 6−7; 76 at 2.

It is undisputed that after the County's purchase of Shady Acres in September 2016, the County removed approximately 22 units of housing.  According to SAHA's own statement of facts for purposes of summary judgment, as well as other evidence in the record, those units were vacant at the time that the County purchased the property.  ECF No. 31 at 4; *see also* ECF Nos. 72 at 7; 35-9 at 12; and 51 at 8.  SAHA did not rebut evidence presented by the County that at least some of the 22 vacant properties were in an uninhabitable condition.  *See* ECF Nos. 72 at 7; 53 at

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT ~ 3

6–7. The evidence also supported that the County signed five-year leases in fall 2016 with any willing resident, and most Shady Acres residents elected to stay. *See* ECF Nos. 72 at 7; 17 at 2.

It is undisputed that there have not been any evictions. There is no evidence that any potential tenant has been turned away or that any resident wanting to stay at Shady Acres has been denied that opportunity. There was no evidence of constructive closure presented to the Court. Dr. Parnell's statistical analysis offered by SAHA, which the Court cited in its summary judgment order, at most supports the possibility of a future disparate impact on Latinos, depending on whether constructive or actual closure of Shady Acres occurs. *See* ECF No. 36; *see also* ECF No. 72 at 8–9. However, Dr. Parnell's declaration does not support that the County's actions to date amount to closure. *Id.*

SAHA further argues that the Court's summary judgment order did not address two out-of-Circuit district court cases that SAHA cites in support of its argument for finding sufficient injury for standing and ripeness. ECF No. 76 at 7 (citing *Cabrini-Green Local Advisory Council v. Chicago Housing Authority*, No. 96-c-6949, 1997 U.S. Dist. LEXIS 625, 1997 WL 31002 (N.D. Ill. Jan. 21, 1997); *Mt. Holly Citizens in Action, Inc. v. Township of Mount Holly*, No. 08-2584 (NLH), 2008 U.S. Dist. LEXIS 87105, 2008 WL 4757299 (D. N.J. Oct. 28, 2008)). Neither of those decisions is binding on this Court. The Court also does not find either of those cases persuasive that there is sufficient injury to support ripeness and standing.

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT ~ 4

The issue in this case is whether the County's plan is tentative or sufficiently certain to support standing. In *Cabrini-Green*, the district court determined that the "crucial issue" was not whether the city housing authority's redevelopment plan was "merely in outline or in final form." 1997 U.S. Dist. LEXIS 625 at *21. Instead, the *Cabrini-Green* court found a justiciable dispute in plaintiff's allegation that the defendant's process for creating the redevelopment plan was unlawful and deprived plaintiff of an opportunity to participate. *Id.* That circumstance has not been presented here.

In *Mt. Holly Citizens in Action*, the district court found that the challenged action was sufficiently certain to occur because, one month prior to the commencement of that lawsuit, the township had passed an ordinance authorizing eminent domain proceedings to facilitate the township's acquisition and demolition of the remaining homes in the redevelopment area, and the township already had initiated eminent domain proceedings against at least one property owner. 2008 U.S. Dist. LEXIS 87105 at *5, 8. By contrast, there is not a clear trajectory toward injury under the FHA in this case. Although the County's master plan included purchasing and repurposing the property on which Shady Acres is located, the County's post-purchase actions do not support that closure of Shady Acres is imminent or already has started to occur. The County offered five-year leases to all Shady Acres residents. The County has not demolished any homes that were inhabited at the time that the County purchased the property. The County has not

evicted any residents. It is unclear what, if any, assistance the County will offer residents if or when a closure date is determined. Therefore, at this stage, the form that any injury would take is undefined.

The Court finds no basis to alter its conclusion that closure of Shady Acres is not sufficiently certain and imminent to support standing and ripeness. SAHA's motion does not demonstrate a clear error of law or manifest injustice inherent in the summary judgment order, or any other ground to support reconsideration.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment, **ECF No. 74**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel, and **re-close the file in this case**.

**DATED** May 2, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge